UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHEA LAROYCE PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV1943 HEA |
| | ) | |
| RIVERVIEW GARDENS | ) | |
| SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the application of plaintiff to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the undersigned finds that the applicant is financially unable to pay any portion of the filing fee. However, after a review of the complaint and the corresponding documentation, the Court will not order the Clerk to issue process at this time.

**The Complaint**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is obligated to review pleadings filed in forma pauperis. If at any time it appears that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief against a defendant who is immune from such relief, the Court may dismiss a complaint.

Plaintiff filed the instant action against her former employer, Riverview Gardens School District, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. Plaintiff alleges that during the course of her employment she was subjected to sexual harassment and retaliation for complaining about the sexual harassment.

The Court has reviewed the complaint and the corresponding documentation, and believes that, although plaintiff may be able to assert claims against defendant, it is not entirely clear from the complaint which claims plaintiff is in fact pursuing. For example, although plaintiff has indicated that she is pursuing this action under Title VII, she has not included with her complaint a copy of a notice of right to sue from the Equal Employment Opportunity Commission ("EEOC"). Because obtaining a notice of right to sue from the EEOC is a prerequisite to maintaining a Title VII complaint, the Court will order plaintiff to either file a copy of her EEOC right to sue or provide the Court with an explanation as to why she is not in possession of this administrative document. *See, e.g.*, 42 U.S.C. § 2000e-5(f)(1) (in order to maintain a Title VII claim, an aggrieved employee is required to file suit within ninety (90) days after receipt of a notice of right to sue).

Additionally, although plaintiff has included with her complaint a copy of a notice of right to sue from the Missouri Commission on Human Rights, she has not indicated in her complaint whether or not she is pursuing a claim under the Missouri Human Rights Act ("MHRA").

Taking into consideration the fact that the plaintiff is proceeding pro se and in forma pauperis, the Court will grant her time to file an amended complaint in accordance with the instructions set forth below. Moreover, because the Court is allowing plaintiff to amend her complaint, it will take no action as to plaintiff's claims at this time.

Plaintiff is reminded that her amended complaint will supersede her original complaint and will be the only complaint the Court reviews. Thus, plaintiff must include in the "Caption" of the amended complaint, all of the defendants she wishes to sue, and in the "Statement of Claim" (No.12), she must set out specific facts against each named defendant corresponding to each of her claims for relief.

Plaintiff's failure to amend her complaint in accordance with this Court's instructions and provide the Court with a copy of her EEOC right to sue letter will result in a dismissal of this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to be issued upon the complaint at this time.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff, in addition to a copy of this Memorandum and Order, the court-provided form for filing an employment discrimination complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days of the date of this Order. In the amended complaint, plaintiff shall complete in its entirety the court-provided form for filing an employment discrimination complaint. Specifically, in the "Caption" of the form complaint, plaintiff shall set forth the name of each defendant she wishes to sue, and in the "Statement of Claim" (No.12), she must set out specific facts against each named defendant corresponding to each of her claims for relief.

**IT IS FURTHER ORDERED** that plaintiff's failure to amend her complaint in accordance with this Court's instructions will result in a dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that, within thirty (30) days from the date of this Order, plaintiff shall submit to the Court a copy of her EEOC right to sue letter.

If plaintiff fails to submit a copy of her EEOC right to sue letter within thirty (30) days from the date of this Order, the action will be dismissed, without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint and the EEOC notice of right to sue, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e).

Dated this 14th day of December, 2009.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE