UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHEA LAROYCE PHILLIPS, )
)
    Plaintiff, )
)
v. ) No. 4:09CV1943 HEA
)
RIVERVIEW GARDENS )
SCHOOL DISTRICT, et al., )
)
    Defendants. )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's response to the Court's December 14, 2009 Memorandum and Order and the filing of her amended complaint. The Court has reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915 and believes that plaintiff's claims brought pursuant to Title VII are time-barred. Subsequently, plaintiff will be required to show cause why her case should not be dismissed.

## The Complaint

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is obligated to review pleadings filed in forma pauperis.[1] If at any time it appears that the action is

---

[1] The Court granted plaintiff's motion for leave to proceed in forma pauperis in its December 14, 2009 Memorandum and Order.

frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss the complaint.

Plaintiff filed the instant action against her former employer, Riverview Gardens School District, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*[2] Plaintiff has also named several Riverview employees as defendants in this action, including: Tyron Faulkner, Vander Davis, Margaret Bond, Dr. Meledia Bradley-White, and Dr. Rhonda Keys. Plaintiff alleges that during the course of her employment she was sexually harassed by defendant Faulkner and then subjected to a retaliatory termination for allegedly reporting the purported harassment.

The Court has reviewed the amended complaint and corresponding documentation provided by plaintiff and believes that plaintiff's claims brought pursuant to Title VII are time-barred. To maintain a claim under Title VII, an aggrieved employee is required to file suit within ninety (90) days after receipt of a

---

[2]Although plaintiff has attached to her amended complaint a copy of a notice of right to sue from the Missouri Commission on Human Rights, plaintiff has not indicated that she is pursuing an action under the Missouri Human Rights Act. The Court noted this same anomaly in its December 14, 2009 Memorandum and Order, and provided plaintiff time to amend her complaint to include any state law claims. Plaintiff has failed to do so, therefore, the Court presumes that plaintiff's claims against defendants are brought only pursuant to Title VII.

notice of right to sue from the Equal Employment Opportunity Commission ("EEOC"), unless principles of equitable tolling, estoppel or waiver apply. 42 U.S.C. § 2000e-5(f)(1). Plaintiff presumably received a right to sue letter from the EEOC within three to five days of the day it was mailed, on June 15, 2009.[3] Plaintiff filed the instant action on November 24, 2009. Thus, more than ninety (90) days passed between receipt of her notice of right to sue from the EEOC and the filing of the instant case, making the action untimely unless plaintiff can show some legal reason for excusing her failure to timely file. *See, e.g., Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

Moreover, even if plaintiff's claims brought pursuant to Title VII were found to be timely, the claims against the individual defendants would still be subject to dismissal. Supervisors cannot be individually liable for damages under Title VII. *See, e.g., Roark v. City of Hazen*, 189 F.3d 758, 761 (8th Cir. 1999) *citing Bonomolo-Hagen v. Clay Central-Everly Community School Dist.*, 121 F.3d 446, 447 (8th Cir. 1997).

---

[3]*See, e.g., Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 n. 1 (1984) (noting a rebuttable presumption that a claimant receives correspondence from an agency three days after it was mailed); *Battle v. Federal Express Corp.*, 156 Fed. Appx. 877, 878 (8th Cir. 2005) (same); *but see, Barnes v. Riverside Seat Co.*, 46 Fed. Appx. 385 (8th Cir. 2002) (citing with approval application of five day presumption).

Given the aforementioned, plaintiff shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant action for the reasons enumerated above. Plaintiff's failure to file a show cause response shall result in the dismissal of this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to be issued upon the complaint at this time.

**IT IS FURTHER ORDERED** that plaintiff shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant action for the reasons enumerated above. Plaintiff's failure to file a show cause response shall result in the dismissal of this action without prejudice.

Dated this 22nd day of January, 2010.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE