UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHEA LAROYCE PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09CV1943 HEA |
| ) | |
| RIVERVIEW GARDENS ) | |
| SCHOOL DISTRICT, et al., ) | |
| ) | |
| Defendants. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's response to the Court's January 19, 2010 Opinion, Memorandum and Order in which the Court ordered plaintiff to show cause why her case should not be dismissed as time-barred. Plaintiff has failed to provide the Court with reasons negating dismissal of this action. Accordingly, for all the foregoing reasons, plaintiff's case will be dismissed, as time-barred, pursuant to 28 U.S.C. § 1915.

Plaintiff filed the instant action against her former employer, Riverview Gardens School District, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.[1] Plaintiff also named several Riverview employees as

---

[1]Although plaintiff attached to her amended complaint a copy of a notice of right to sue from the Missouri Commission on Human Rights, plaintiff never indicated that she was pursuing an action under the Missouri Human Rights Act.

defendants in this action. In her amended complaint, plaintiff alleges that during the course of her employment she was sexually harassed by defendant Faulkner and then subjected to a retaliatory termination for allegedly reporting the purported harassment.

On December 15, 2009, after granting plaintiff leave to proceed in forma pauperis, the Court ordered plaintiff to amend her complaint to clearly and completely identify all of her allegations in this action. In that same Order, plaintiff was required to provide the Court with a copy of her notice of right to sue from the Equal Employment Opportunity Commission ("EEOC"). Plaintiff complied with this Court's Order. However, after reviewing the amended complaint and corresponding documentation, including the notice of right to sue from the EEOC, it became apparent that plaintiff's claims were time-barred, as she failed to file her complaint within ninety (90) days of acquiring her right to sue letter from the EEOC.[2] 42 U.S.C. § 2000e-5(f)(1). As such, on January 22, 2010, the Court

---

The Court noted this same anomaly in its December 14, 2009 Memorandum and Order, and provided plaintiff time to amend her complaint to include any state law claims. Plaintiff failed to do so, therefore, only Title VII claims are before the Court at this time.

[2]Plaintiff presumably received a right to sue letter from the EEOC within three to five days of the day it was mailed, on June 15, 2009. Plaintiff filed the instant action on November 24, 2009. Thus, more than ninety (90) days passed between receipt of her notice of right to sue from the EEOC and the filing of the

ordered plaintiff to show cause why her complaint should not be dismissed as time-barred.

Although plaintiff filed a response to the Court's Order, her response fails to provide any legal reason for excusing her failure to timely file. *See, e.g., Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982). Given the aforementioned, plaintiff's case will be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**, without prejudice, as time-barred. See 28 U.S.C. § 1915.

Dated this 24th day of February, 2010.

        HENRY EDWARD AUTREY
        UNITED STATES DISTRICT JUDGE

---

instant case.